No. 4000

Second Circuit

(Second Division)

———

**KEOUN v. GLEASON**

———

(July 16, 1931. Opinion and Decree.)

———

R. H. Lee, of Benton, attorney for plaintiff, appellee.

W. W. McDonald, of Shreveport, attorney for defendant, appellant.

CULPEPPER, J. Plaintiff leased his mercantile store building, located in the town of Plain Dealing, Bossier parish, to defendant, by verbal contract, in the fall of 1928, for the calendar year of 1929, at a monthly rental of $50. At the end of that year there was a balance unpaid on the year's rents of $252.13. Defendant continued to occupy the leased premises up into the year 1930 apparently under the same agreement as for 1929, until July 12th, when plaintiff filed this suit to recover an alleged balance of $169.23 on rents for the year 1929, and for $600 additional to cover for the whole of the year 1930, which he claimed was due under the terms of his contract with defendant, and which amount he alleged was due and wholly unpaid. The total amount sued for was $769.23, with legal interest from judicial demand. In connection with the suit plaintiff prayed for and obtained a provisional seizure of defendant's stock of merchandise on hand in the store building, also the furniture, fixtures and office equipment owned by defendant in said building.

There was judgment in the lower court in favor of plaintiff in the full amount

prayed for, with recognition of plaintiff's lessor's lien and privilege upon the property provisionally seized and ordering same sold for the payment of the debt. Defendant has appealed.

Although plaintiff's counsel has filed briefs in plaintiff's behalf, defendant has made no appearance in person nor by counsel, nor has any brief been filed in behalf of defendant. No argument was had before this court by either counsel. Apparently defendant has abandoned his appeal.

Plaintiff alleged on a verbal contract of lease with defendant, in which plaintiff claims it was agreed and understood that the rent was to be paid by the month in advance, or at the beginning of each month; and alleged that the failure by defendant to pay the monthly rentals as they thus matured constituted a breach of the contract which rendered it optional with plaintiff 'to sue for the rents for the unexpired portion of the year for which the lease was to run. For this reason plaintiff has sued for rents up to the end of the year 1930. Defendant, on the other hand, both in his answer and in his testimony, contends that the agreement and understanding was, that, while the lease was to run for a year, the rent was not to be paid by the month but was to be due and payable at the end of the year. There were no witnesses to the contract and agreement; the contract was verbal, and we have no means of telling which of the parties was right on this point, unless it be that the fact that defendant made partial cash payments on the rent at certain intervals would go to show that plaintiff's version is correct, else defendant would hardly have made these payments before the end of the year. The trial judge was in much better position to judge the veracity of these men than we are, and we therefore shall have to be governed by his findings in that particular.

The same is true as to the testimony of these gentlemen on other points raised in the case. One of these was the contention made by defendant that the understanding between him and plaintiff was that plaintiff would have his several colored tenants on plaintiff's plantation nearby trade with defendant and defendant could charge their accounts to plaintiff and the amounts charged could be credited on defendant's rent account with plaintiff. Plaintiff stoutly denies he ever had such an agreement with defendant. So again we have a vital point at issue here, which is impossible for us to determine, except by the circumstances. One of the controlling circumstantial facts bearing upon this point is, that plaintiff issued checks to his tenants monthly and let them go and buy their supplies wherever they might wish. After defendant had begun to fall behind with his rent, if plaintiff had had such an agreement as defendant contends, it seems as though he would not have paid his tenants off monthly with checks but would have sent them to defendant's store, where they could have gotten their supplies without plaintiff's having to pay ready cash from his own pocket and left his rent claim against defendant go uncollected. There are other facts also bearing upon that point, the particulars of which this court does not deem necessary to go into here, in view of the fact that the trial judge saw and heard the witnesses testify, could weigh the evidence and determine these questions of facts as testified to by the witnesses much more correctly than we can. We see no manifest error in the judgment of the lower court, therefore, the judgment is affirmed.